IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES H. LEWIS, et al.

       Plaintiff,

vs.

ROBERT D. RUSSELL, et al.

       Defendants.

No. CIV-S-03-2646 WBS KJM (GGH)

ORDER

AND RELATED CROSS AND THIRD PARTY ACTIONS

*Introduction and Summary*

      As part of the settlement process order issued by the court on April 14, 2005, the parties would be permitted to go outside the stay pending Phase I of the settlement process: "for the purpose of *limited* discovery and filing motions on issues which are distinct from the facts per se of hazardous substances (PCE) on the subject site(s), e.g., whether a simple creditor may be held liable under CERCLA for the acts of the persons/entities loaned money or other resources." Order of April 14, 2005 at 6 (emphasis in original). The parties were not permitted to file motions

1

which touched upon the relative responsibility of each party for the PCE contamination insofar as a motion would involve the court in making determination on the who, what, when, and where of contamination. Not permitting full scale motion practice was an important aspect of the settlement process order in that attempting to settle over time a complicated environmental case, which involves a good deal of time consuming scientific investigation, is nearly impossible if the parties are also contesting in court the facts surrounding the scientific investigation or the relative responsibility of the parties for the fact of contamination. Also, regardless of the distance between a motion and the "facts per se of hazardous substances," if the motion would engender a good bit of discovery, it would have to be postponed until the completion of Phase I.

*Discussion*

     Three parties have timely availed themselves of the opportunity to be dismissed assertedly for reasons collateral to the contamination facts.

     The City of Davis seeks to have adjudicated its third party defense as set forth in Lincoln Properties, Ltd. v. Higgins, 823 F. Supp. 1528, (E.D. Cal. 1992). Defendant Ben Newitt seeks to be released because his sole, alleged involvement was as a creditor for certain machinery alleged to be part of the contamination problem (as opposed to an owner or operator). Finally, third party defendant Marie Whitcombe asserts that the parties suing her (the Suhs) cannot do so for a variety of reasons, but primarily because CERCLA does not allow a contribution defendant to bring in another (third party) defendant for contribution purposes.

     For the reasons that follow, the City of Davis may not file its motion until further order of the court lifts the stay in this case. A "third party defense" in CERCLA actions will be established when the party, here the City, asserting the defense establishes:

    1) that a third party was the sole cause of the release of hazardous substance;

    2) that the third party was not the [City's] employee or agent;

    3) that the act or omission of the third party causing the release did not occur in
       connection with a contractual relationship, existing either directly or indirectly,

1  with the [City];

2  4) that the [City] exercised due care with respect to the hazardous substance

3  concerned; and

4  5) that the [City] took precautions against foreseeable acts or omissions of the third

5  party. [citation omitted] The [City] must prove each of these elements by a

6  preponderance of the evidence.

7 Id. at 1539.

8  The City of Davis has offered to assume for the purposes of its motion that PCE
9 leaked from its sewer pipes. This concession, made only for the purposes of a third party defense
10 motion, goes some distance in alleviating what the settlement process order sought to avoid.
11 Nevertheless, Factors 4 and 5 touch upon facts related to the responsibility for the contamination.
12 Much discovery would have to be accomplished with respect to what the City [concededly] knew
13 about the contamination, and when it knew it. Of course, the City would attempt to establish that
14 at the appropriate time frame, whatever that is, it actually knew nothing about the leak of PCE
15 from its sewer pipes, or what the other parties were doing. The City might well wind up
16 attempting to prove facts at odds with its concession here. At the very least, the other parties, or
17 some of them, would attempt to show that the City actually did understand that PCE
18 contamination was taking place, or, at the very least, should have known about the PCE
19 contamination, yet the City did nothing about it– in a timely fashion.

20  The undersigned finds that the court's intention not to have a litigation about the
21 contamination facts, or responsibility therefore, proceed along with the Phase I settlement
22 investigation attempt would be frustrated by the City's proposed motion. The factual controversy
23 surrounding the third party defense is closely enough related to the facts of contamination that no
24 motion is appropriately made at this time. Also, the court's desire for only "limited" discovery
25 would be frustrated. The undersigned stresses that he is making no observation on the ultimate
26 merits of the third party defense– only that its timing is problematical given the settlement process

3

order agreed to by all parties, including the City.

The undersigned also denies the request of cross-defendant Newitt in filing his motion to be relieved of liability in this case. Ben Newitt, while conceding for the purposes of this motion only, that the dry cleaning machinery actually leaked PCE which caused contamination, would attempt to show that he merely held a creditor's status vis-a-vis the machinery and the dry cleaner business as a whole, and thus could not be liable as a CERCLA owner or operator. Newitt contends that he was simply assisting his brother in his brother's attempt to keep the brother's dry cleaning business afloat. While Newitt's motion may have great merit if the facts showed that he were only a creditor, the other parties in this case would be entitled to undertake a substantial amount of discovery to show that the actual business arrangement acquired by Ben Newitt with respect to his brother's dry cleaning business was much more that of a partial owner than merely a creditor.

While Newitt may legitimately believe that he labors under the unwritten law of "no good deed goes unpunished," the fact is that CERCLA adopts the spirit of that unwritten law in part. It would take quite a bit of discovery to demonstrate that Ben Newitt's good deeds did not, nevertheless, make him an "owner" or "operator." The discovery which pushes past the "limited" discovery contemplated by the settlement process order is not just measured by Newitt's proposed discovery, but also by the discovery which would have to be permitted to oppose Newitt's contentions. Moreover, while the court clearly recognizes that being a party to a litigation can be stressful, expensive, and one's worst nightmare, Newitt's status as a non-paying party with respect to Phase I activities renders the prejudice from postponing Newitt's motion less than it might otherwise be.

Finally, third party contribution defendant Marie Whitcombe, who has only been sued by the Suhs seeks to be excused from this lawsuit on account of her contention that she cannot be haled into court as a third party cross-defendant, citing City of Merced, et al. v. R. A. Fields, et al., 997 F. Supp. 1326 (E.D. Cal. 1998). Whitcombe also advances murkier arguments

4

that she cannot be a valid party under state law for claims based on state law. Whitcombe asserts that she needs only a limited amount of discovery from certain other parties to this action, but ignores the seemingly substantial amount of discovery that the Suhs would be entitled to make on the point of the "fair and equitable share" of the response costs incurred thus far, or to be incurred. This discovery, which the Suhs would be entitled to take, assuming for the moment the validity of their claims against Whitcombe, also appears to run head long into the court's prohibition of such discovery for purposes of the settlement process order.

The court will permit Whitcombe to make her motion within thirty days of the filed date of this order, but only on the basis of a motion to dismiss. That is, Whitcombe will have to assume the truth of the factual averments in the Suhs' third party complaint against her, and seek dismissal as a matter of law nonetheless. The undersigned's permitting Whitcombe to make her Fed.R.Civ.Pro 12(b)(6) motion is again no observation on the merits of her motion. If Whitcombe determines that a motion to dismiss cannot be made, any final dispositive motion on the merits will have to await the lifting of the Phase I stay.

*Conclusion*

Accordingly, the requests of defendants City of Davis and Ben Newitt to file dispositive motions pursuant to the settlement process order are denied. The request of third party defendant Marie Whitcombe to file a dispositive motion is granted in part; she may file a Rule 12(b) (6) motion within thirty days of the filed date of this order.

IT IS SO ORDERED

DATED: June 28, 2005

/s/ Gregory G. Hollows
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE