IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES H. LEWIS and
JANE W. LEWIS,

      Plaintiffs,                  No. CIV S-03-2646 WBS KJM

     vs.

ROBERT D. RUSSELL, et al.,

      Defendants.               <u>ORDER</u>

_____/

         On November 7, 2005, Theodore S. Goodwin, counsel for Jung Hang Suh and Soo Jung Suh, moved to withdraw as counsel. This motion was the subject of stipulation between counsel and clients filed on November 16, 2005. No opposition from any other party to this stayed-for-purposes-of- settlement litigation was received with respect to the request to withdraw.

         Pursuant to the Settlement Process order which gives the undersigned authority to issue orders concerning the case during the settlement process, the court orders approved Mr. Goodwin's request to withdraw as counsel.

         Mr. Goodwin's affidavit indicates that the Suhs have filed for bankruptcy. The effect of the automatic stay on a litigation stayed for the purposes of settlement, where the Suhs

1

1 are not only defensive parties, but parties seeking a type of affirmative relief as well, is unclear.

2 Nevertheless, until further order of this court or the bankruptcy court, the Suhs need not

3 participate in any manner in any settlement process, which will continue before the undersigned.

4 However, a filing for bankruptcy does not excuse compliance with valid discovery requests

5 which may be made against the Suhs as against any third party, assuming that the undersigned

6 permits such discovery, or if the litigation is recommenced.   See In re Miller, 262 B.R. 499, 507

7 (9th Cir. BAP 2001).   See also David v. Hooker Ltd., 560 F.2d 412, 417 (9th Cir. 1977).

8       IT IS SO ORDERED.

9 DATED: 12/14/05

/s/ Gregory G. Hollows

10 _____
UNITED STATES MAGISTRATE JUDGE

11 GGH:035
lewis2646.ord2