1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9   CHARLES H. LEWIS, et al.,

10          Plaintiffs,                    No. CIV S-03-2646 WBS KJM (GGH)

11   vs.

12   ROBERT D. RUSSELL, et al.,

13          Defendants.                    <u>ORDER</u>

14   _____/

15          A settlement process order was agreed upon (for the most part) and issued in this

16   case on April 14, 2005.  The underlying rationale for the order is that in environmental clean-up

17   cases, it may be wiser on the part of all parties to initially utilize scarce resources to investigate

18   and remediate the clean-up problem, subject to a latter day, efficient and equitable apportionment

19   of such (including total recoupment where warranted), rather than to expend substantial sums on

20   up-front, lengthy, and contentious litigation, only to then (probably) face the latter day, even

21   more expensive investigation and remediation costs.  However, the settlement process can only

22   be realized with the participation of most, if not all, parties pertinent to the alleged clean-up

23   problem.

24          The participating parties within the settlement process order have worked

25   diligently to this point to realize the rationale of the order.  However, projected costs for the final

26   remediation, modest that they may be on a scale relative to most environmental clean-ups, have

1

caused the participating parties to arrive at a crossroads where they must either put more money in the remediation pot on a pro rata basis, or go down the litigation path of every party for him, her or itself – a path which will ultimately exact a cost far in excess of the projected remediation costs.

In order to save this settlement process, the court orders as follows:

1.   The participating parties shall appear on July 2, 2007 at 10:00a.m. in the undersigned's courtroom to discuss further the appropriate path to take;

2.   The parties identified in the settlement process order as partially participating or non-participating, and who do not have a bankruptcy stay or discharge in place, shall appear on July 2, 2007 in order to discuss the re-opening of litigation or participation in the settlement process;

3.   The lead state agency overseeing the activities of the participating parties, but not a party yet to a court environmental action, is invited to send representatives to attend the July 2 hearing;

4.   The participating parties shall have courtesy served a proposed request to lift the stay for the purpose of amending the complaint to add parties, and a proposed amended complaint, to all parties herein as well as the proposed new parties, no less than five days prior to the scheduled hearing;

5.   All proposed additional parties are invited to attend the July 2, 2007 hearing, without prejudice to any defense these parties may have, personal jurisdiction included, in order to assess their participation in the settlement process;

6.   All parties and potential parties are urged to have any insurance carrier representative appear in person, or if such is not possible, by telephone, in order to understand first hand what has transpired so far, and what may transpire in the future.

DATED: 6/13/07                                    /s/ Gregory G. Hollows
_____
lewiscleaners.ord                                 UNITED STATES MAGISTRATE JUDGE