UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHARLES H. LEWIS and JANE W. LEWIS,

        Plaintiffs and counter-defendants,

   v.

ROBERT D. RUSSELL; et al.,

        Defendants and cross-defendants.

AND RELATED COUNTER, CROSS, AND THIRD PARTY CLAIMS.

NO. CIV. S-03-2646 WBS KJM

ORDER RE: MOTION TO AMEND

----oo0oo----

        Plaintiffs and counter-defendants Charles H. Lewis and Jane W. Lewis ("the Lewises") brought this action under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., for recovery of costs incurred removing hazardous substances from real property. The Lewises as well as defendants and third-party plaintiffs The Davis Center, LLC; Emily Stover, individually and as Trustee of

1

the Stover Family Trust, and as Personal Representative for Melvin Stover (deceased); and Richard Albert Stinchfield, individually and as Trustee of the Robert S. Stinchfield Separate Real Property Trust, and as Trustee of the Barbara Ellen Stinchfield Testamentary Trust (dissolved), (collectively, "the Landlords") now seek to amend the complaint, counter-claims, cross-claims and third-party complaints to name additional defendants and assert claims against those newly named defendants.[1]

I.   Factual and Procedural Background

The Landlords are the current and former landlords of a shopping center located in Davis, California ("the Property"). Defendant and cross-defendant Robert Russell operated a dry cleaning store at the Property from 1964 to 1971.  During his occupancy of the property, and concurrent with his operation of the store, Mr. Russell used the chemical perchloroethylene (PCE). Several decades later, environmental investigation of the property revealed PCE contamination in surrounding soil and groundwater.  Mr. Russell was named as one of the responsible parties by the California Regional Water Quality Control Board to clean up the site.  On December 9, 2003, the Lewises (also dry cleaner operators at Davis Center) brought this action against a variety of defendants, including the Robert Russell, the Landlords, and others, seeking contribution for the costs of

---

[1] This action is currently stayed pursuant to Magistrate Judge Hollows' order of April 14, 2005.  However, concurrent with this order, the court grants the motion filed by the Lewises seeking to lift the stay, for limited purposes relating to this motion.


clean-up of the contamination.

II. <u>Discussion</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "'shall be freely given when justice so requires.'" <u>Bowles v. Reade</u>, 198 F.3d 752, 757 (9th Cir. 1999) (quoting Fed. R. Civ. P. 15(a)). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's standards control[]." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992).

Because the court's Status (Pretrial Scheduling) Order prohibited further amendments to the pleadings without leave of the court for good cause shown under Federal Rule of Civil Procedure 16(b), the moving parties must demonstrate "good cause" for amendment.[2] (June 2, 2004 Order.) "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." <u>Id.</u> at 609. Generally, "[c]arelessness or oversight is not compatible with a finding of diligence and provides no reason to grant relief." 3 Moore's Federal Practice, § 16.14[1][b] (3d ed. 2003) (citing <u>Johnson</u>, 975 F.2d at 607-09). Additionally, although the focus of the inquiry is on the moving party's reasons for seeking modification of the scheduling order, "the existence or degree of prejudice to the party opposing the

---

[2] In arguing in favor of amendment, the moving parties in their motion mistakenly rely on Rule 15(a)'s more liberal standard.

3

1 modification might supply additional reasons to deny a motion."[3]
2 Id.

3       In this case, the moving parties seek to amend the
4 complaint, counter-claims, cross-claims, and third-party
5 complaints to name as new defendants the dry cleaning equipment
6 manufacturers, and would assert against those manufacturers
7 federal CERCLA claims as well as related state law claims. (Mot.
8 to Amend 4.) The moving parties were aware of the names of the
9 manufacturers that were disclosed in the Rule 26(a) initial
10 disclosures approximately three years ago. However, on April 14,
11 2005, the case was stayed pending mediation discussions, thus the
12 litigation is still in its early stages. Although the parties
13 have filed answers, as well as counter, cross, and third party
14 complaints (and answers thereto), discovery has not begun.
15 Moreover, because the case is still in its infancy, there is no
16 reason to believe (and no party argues) that any of the proposed
17 new defendants will be prejudiced in any way by their late
18 addition.[4]

19       Finally, when asked at the hearing on this motion to
20 explain about the three year delay, counsel explained that they
21 remained unsure about whether a viable cause of action existed

---

[3] The court notes that its analysis is not changed by the fact that several parties file jointly, or agree to the proposed amendments. As this court has previously noted that "'a mere stipulation by itself to change dates does not constitute good cause' . . . . Likewise, an attempt to obtain a stipulation does not constitute good cause." Jackson v. Laureate, Inc., 186 F.R.D. 605, 609 n.6 (E.D. Cal. 1999) (citation omitted).

[4] In addition to the fact that no party opposes this motion, counsel indicated at the hearing on this matter that they served courtesy copies on the three proposed defendants, and no objections have been filed.

4

against the manufacturers.  It was not until the Supreme Court issued its decision in June of 2007 in <u>United States v. Atlantic Research Corporation</u> that the scope of liability under CERCLA became clear, and counsel became confident that a viable cause of action could be maintained.  127 S.Ct. 2331, 2336 (holding that potentially responsible parties <u>may</u> recover costs from other potentially responsible parties under CERCLA).

        Because the moving parties have shown "good cause" for why they are seeking an amendment at this late time, and because it does not appear that prejudice will result from allowing the proposed amendment, the court will grant the motion to amend. <u>Johnson</u> 975 F.2d at 607-08.

        IT IS THEREFORE ORDERED that the litigation stay imposed by the April 14, 2005 Order of Settlement Process be, and the same hereby is, lifted for the limited purposes of (1) permitting the Lewises and the Landlords to bring this motion (2) allowing other parties presently in the case to file any cross-claims against the new defendants, and (3) permitting the new defendants to respond to those pleadings.  In all other respects the stay shall remain in effect until further order of the assigned Magistrate Judge or this court.

        IT IS FURTHER ORDERED that the Lewises' and the Landlords' motion for leave to amend be, and the same hereby is, GRANTED, for the limited purpose of naming additional defendants and asserting claims against those defendants.  The Lewises shall file their second amended complaint, and the Landlords shall file their amended third party complaint, within thirty days of the date of this order.

1  Within ninety days of the date of this order, the
2  parties shall file a report with the assigned Magistrate Judge
3  addressing the time and conditions upon which the stay of April
4  14, 2005 shall be lifted.
5  IT IS SO ORDERED.
6  DATED: August 7, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE