UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHARLES H. LEWIS and JANE W. LEWIS,

      Plaintiffs and counter-defendants,

    v.

ROBERT D. RUSSELL; et al.,

      Defendants and cross-defendants.

AND RELATED COUNTER, CROSS, AND THIRD PARTY CLAIMS.

NO. CIV. S-03-2646 WBS KJM

ORDER RE: MOTION TO SUBTITUTE PARTIES

----oo0oo----

      Plaintiffs and counter-defendants Charles H. Lewis and Jane W. Lewis ("the Lewises") brought this action under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., for recovery of costs incurred removing hazardous substances from real property. Cross-defendants and cross-claimants Potter-Taylor & Company, Potter, Long, Adams & Taylore, Ltd., Davis Center, Potter-Taylor,

1

Inc., and Potter Taylor & Scurfield, Inc. (together "Potter-Taylor") move this court to substitute Irene Russell in place of defendant and cross-defendant Robert Russell, now deceased, pursuant to Federal Rule of Civil Procedure 25(a)(1).[1]

Robert Russell operated a dry cleaning store at the Davis Center, in Davis, California, from 1964 to 1971. During his occupancy of the property, and concordant with his operation of the store, Mr. Russell used the chemical perchloroethylene (PCE). Several decades later, environmental investigation of the property revealed PCE contamination in surrounding soil and groundwater. Mr. Russell was named as one of the responsible parties by the California Regional Water Quality Control Board to clean up the site. On December 9, 2003, the Lewises (also dry cleaner operators at Davis Center) brought this action against a variety of defendants, including Robert Russell, seeking contribution for the costs of clean-up of the contamination. Several cross-claims have also been filed against Mr. Russell.

On January 30, 2007, Mr. Russell's attorney filed a Statement of Death, wherein his wife Irene Russell suggested upon the record, pursuant to Rule 25(a)(1), the death of her husband, Mr. Russell. Potter-Taylor now seeks to substitute Irene Russell, the successor-in-interest to Mr. Russell, in place of Mr. Russell.

Federal Rule of Civil Procedure 25 provides that "[i]f a party dies and the claim is not thereby extinguished, the court

---

[1] This action is currently stayed pursuant to this court's order of April 14, 2005. However, on May 3, 2007, the court signed a stipulation by the parties lifting the stay for the limited purpose of bringing this motion.

1   may order substitution of the proper parties" so that the action
2   may proceed against the proper successor in interest. Fed. R.
3   Civ. P. 25(a)(1); Barlow v. Ground, 39 F.3d 231, 233 (9th Cir.
4   1993). CERCLA does not preempt state laws regarding an
5   individual's capacity to be sued. Levin Metals Corp. v.
6   Parr-Richmond Terminal Co., 817 F.2d 1448, 1451 (9th Cir. 1987).
7   Under California law, "a cause of action for or against a person
8   is not lost by reason of the person's death," accordingly the
9   claims against Russell survive him. Cal. Code Civ. P. §
10  377.20(a); see also Levin, 817 F.2d at 1451.

11         The court would have misgivings about substituting Mr.
12  Russell's widow personally, rather than his estate, as defendant.
13  However, although Irene Russell filed an Opposition to Motion for
14  Substitution of Parties, she revealed therein that she did not
15  oppose her substitution for Robert Russell. (Opp'n to Mot. for
16  Substitution 1.) Instead, she objected only to certain factual
17  assertions made in the motion, relating to her operation (or non-
18  operation) of the dry cleaning store with Mr. Russell. (Id. 1-
19  2.) As the factual assertions made by Potter-Taylor have no
20  bearing on this motion, nor are they evidence in the case merely
21  by their inclusion in the motion, Irene Russell's efforts to
22  "correct" those assertions are unnecessary.

23         Because Irene Russell concedes she is his successor-in-
24  interest and is the proper individual to be substituted in his
25  place in this action (Opp'n to Mot. for Substitution of Parties
26  1.), the court will substitute her in place of Robert Russell as
27  defendant and cross-defendant in this action.
28  ///

IT IS THEREFORE ORDERED that third-party defendants' motion for substitution of parties be, and the same hereby is, GRANTED.  Irene Russell is hereby substituted for Robert Russell in all complaints and cross-complaints currently pending against Robert Russell in the instant action.

DATED:  August 7, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4