UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHARLES H. LEWIS and JANE W. LEWIS,

       Plaintiffs,

    v.

ROBERT D. RUSSELL; IRENE RUSSELL; BEN J. NEWITT; the Estate of PHILLIP NEWITT, Deceased; JUNG HANG SUH; SOO JUNG SUH; JUNG K. SEO; THE DAVIS CENTER, LLC; MELVIN R. STOVER, individually and as trustee of the Stover Family Trust; EMILY A. STOVER, individually and as trustee of the Stover Family Trust; STOVER FAMILY TRUST; RICHARD ALBERT STINCHFIELD, individually and as successor trustee of the Robert S. Stinchfield Separate Property Revocable Trust, and as trustee of the Barbara Ellen Stinchfield Testamentary Trust; ROBERT S. STINCHFIELD SEPARATE PROPERTY REVOCABLE TRUST; THE BARBARA ELLEN STINCHFIELD TESTAMENTARY TRUST; WORKROOM SUPPLY, INC., a California corporation; SAFETY-KLEEN CORPORATION,

NO. CIV. 2:03-2646 WBS GGH

MEMORANDUM AND ORDER RE: MOTIONS TO STAY AND TO LIFT STAY

1

1  California corporation; the
CITY OF DAVIS; JENSEN
2  MANUFACTURING COMPANY; VIC
MANUFACTURING COMPANY; MARTIN
3  FRANCHISES INC., aka/dba
MARTINIZING DRY CLEANING,

4
           Defendants,
5  _____/

6  AND RELATED COUNTER, CROSS,
AND THIRD-PARTY CLAIMS.
7  _____/

8

9                    ----oo0oo----

10         This multi-party litigation concerns the contamination

11  of a piece of real property located in Davis, California, with

12  tetrachloroethene, a solvent allegedly released through the

13  operation of a dry cleaning facility on the property. (See

14  Second Am. Compl. ("SAC") ¶¶ 29, 40 (Docket No. 197).)  Charles

15  H. Lewis and Jane W. Lewis brought this action pursuant to the

16  Comprehensive Environmental Response, Compensation, and Liability

17  Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, and various state laws

18  for recovery of response costs incurred in connection with the

19  PCE contamination.  Since the filing of the original Complaint in

20  2003, the parties have filed numerous counterclaims, crossclaims,

21  and third party claims for contribution pursuant to 42 U.S.C. §

22  9613(f).

23         On April 14, 2005, the case was stayed to allow the

24  parties to participate in a voluntary mediation process. (Docket

25  No. 124.)  The settlement stay was dissolved on September 16,

26  2008.  (Docket No. 253.)  During the settlement stay, Jung Hang

27  Suh and Soo Jung Suh, who allegedly operated the dry cleaning

28  facility from 1996 through 2005 (SAC ¶ 36), filed for bankruptcy.

1  (See Dec. 14, 2005 Order (Docket No. 162) 1:25.)  The case was

2  thus automatically stayed as to them pursuant to 11 U.S.C. § 362,

3  which prevents the "commencement or continuation . . . of a

4  judicial, administrative, or other action or proceeding against

5  the debtor that was or could have been commenced before the

6  commencement" of the bankruptcy action.  11 U.S.C. § 362(a)(1).

7  On May 7, 2009, the court stayed the entire action pursuant to 11

8  U.S.C. § 362(a), reasoning that the claims by and against the

9  Suhs were so integral that they could not be meaningfully excised

10 from the litigation.  Lewis v. Russell, No. CIV S-03-2646 WBS

11 KJM, 2009 WL 1260290, at *3 (E.D. Cal. May 7, 2009); (Docket No.

12 301).  The court noted that "if for any reason the Suh's

13 bankruptcy is terminated, any party may so notify the court and

14 the court will lift this stay."  Lewis, 2009 WL 1260290, at *5

15 n.5.

16        Vic Manufacturing Company has now informed the court

17 that on September 16, 2010, the United States Bankruptcy Court

18 for the Eastern District of California entered its Discharge of

19 Debtor after Completion of Chapter 13 Plan.  (Notice of Mot. &

20 Mot. for Order Lifting Automatic Stay at 2:9-12.)  On September

21 23, 2010, the court entered its Final Decree, closing the

22 bankruptcy case.  (Id. at 2:12-13.)  Thus, the ground for the

23 stay no longer exists.  Pursuant to 11 U.S.C. § 362(c), the stay

24 is now lifted.

25        In light of the lift of the automatic stay, many of the

26

27

28

3

parties[1] have moved for a stay in order to continue their ongoing settlement negotiations.  They state that members of the Participating Party Group[2] from the original settlement discussions have been actively engaging in settlement negotiations with the California Regional Water Control Board, Central Valley Region, since the present stay began in 2009. (Notice of Mot. and Mot. to Maintain Litigation Stay ("Mot. to Maintain Stay") (Docket No. 319) at 3:19-4:3.)

Courts have the power to stay proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  The court weighs several interests in

---

[1] The motion is brought by plaintiffs Charles H. Lewis and Jane W. Lewis (Deceased), as well as defendants Potter Taylor & Company and its predecessors-in-interest: Potter, Long, Adams & Taylor, Ltd., Davis Center; Potter-Taylor, Inc. and Potter Taylor & Scurfield, Inc.; the City of Davis; Marie L. Whitcombe (Deceased); and Ben J. Newitt. (Notice of Mot. and Mot. to Maintain Litigation Stay at 1:25-28 ("Mot. to Maintain Stay") (Docket No. 319).)  Defendants and Cross-Defendants Safety-Kleen Systems, Inc., and Irene Russell joined in the motion.  (Joinder in Notice of Mot. & Mot. to Maintain Litigation Stay (Docket No. 321); Joinder in Mot. to Maintain Litigation Stay (Docket No. 324).)  Defendants/Cross-Complainants/Third Party Plaintiffs The Davis Center, LLC; Emily Stover, Individually and as Trustee of the Stover Family Trust and as Personal Representative for Melvin Stover (Deceased); and Richard Albert Stinchfield, Individually and as Trustee of the Robert S. Stinchfield Separate Real Property Trust and as Trustee of the Barbara Ellen Stinchfield Testamentary Trust also joined.  (Joinder to Mot. to Maintain Litigation Stay (Docket No. 329).)

[2] The Participating Party Group includes all of the moving parties except Ben J. Newitt.  (Mot. to Maintain Stay at 3:19, n. 3.)  It also includes The Davis Center, LLC; Emily A. Stover, individually, as Personal Representative for Melvin R. Stover, Deceased, and as Trustee of the Stover Family Trust; and Richard Albert Stinchfield, individually and as Successor Trustee of the Robert S. Stinchfield Separate Property Revocable Trust. (Id.)

4

making the determination, including (1) "possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

The moving parties have failed to show that the three factors weigh in favor of granting a stay. While it is possible that settlement will occur, the parties have not indicated any time frame in which they believe settlement of the entire case will result. The parties indicated at the hearing that they believed a settlement with the California Regional Water Quality Control Board was likely by mid-summer, which would be some six months off, but this would only be the first stage in settlement of the various claims at issue. The court understands that some of the delays were caused by the Board's proceedings, but the current round of negotiations have apparently been going on for more than a year and yet the parties have failed to settle. No scheduling order currently applies in this case, so the parties' concern regarding time for settlement is premature. The parties have not shown that they are unable to continue settlement negotiations during the ordinary timetable set for a case.

Furthermore, the moving and joining parties all seem to wish to avoid discovery. Nothing forces them to conduct discovery as they proceed with what they believe to be imminent settlement. The court will not order a further delay on a case that has been ongoing for eight years.

IT IS THEREFORE ORDERED that defendant Vic Manufacturing Company's motion to lift the automatic bankruptcy stay be, and the same hereby is, GRANTED.  IT IS FURTHER ORDERED that plaintiffs Charles H. Lewis and Jane W. Lewis (Deceased) and certain defendants' motion to maintain the litigation stay be, and the same hereby is, DENIED.

A Status (Pretrial Scheduling) Conference shall be held on March 21, 2011, at 2:00 p.m. in Courtroom No. 5.  The clerk's office shall issue this court's "Order Re: Status (Pretrial Scheduling) Conference" accordingly.

DATED:  January 18, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE