UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHARLES H. LEWIS and JANE W.
LEWIS,                                NO. CIV. 2:03-2646 WBS GGH

          Plaintiffs,

     v.

ROBERT D. RUSSELL; IRENE
RUSSELL; BEN J. NEWITT; the
Estate of PHILLIP NEWITT,
Deceased; JUNG HANG SUH; SOO
JUNG SUH; JUNG K. SEO; THE
DAVIS CENTER, LLC; MELVIN R.
STOVER, individually and as
trustee of the Stover Family
Trust; EMILY A. STOVER,
individually and as trustee of
the Stover Family Trust;
STOVER FAMILY TRUST; RICHARD
ALBERT STINCHFIELD,
individually and as successor
trustee of the Robert S.
Stinchfield Separate Property
Revocable Trust, and as
trustee of the Barbara Ellen
Stinchfield Testamentary
Trust; ROBERT S. STINCHFIELD
SEPARATE PROPERTY REVOCABLE
TRUST; THE BARBARA ELLEN
STINCHFIELD TESTAMENTARY
TRUST; WORKROOM SUPPLY, INC.,
a California corporation;
SAFETY-KLEEN CORPORATION,

1

1  California corporation; the
CITY OF DAVIS; JENSEN
2  MANUFACTURING COMPANY; VIC
MANUFACTURING COMPANY; MARTIN
3  FRANCHISES INC., aka/dba
MARTINIZING DRY CLEANING,

4
          Defendants,
5  _____/

6  AND RELATED COUNTER-, CROSS-,
AND THIRD-PARTY CLAIMS.
7  _____/

8
                    ----oo0oo----
9

10          STATUS (PRETRIAL SCHEDULING) ORDER

11          After reviewing the parties' Joint Status Report, the

12  court hereby vacates the Status (Pretrial Scheduling) Conference

13  scheduled for April 18, 2011.

14          I.   SERVICE OF PROCESS

15          With the exception of cross-defendant Jensen

16  Manufacturing Company--which the parties believe has dissolved

17  and filed Chapter 7 Bankruptcy--all named defendants and third-

18  party defendants have been served and no further service is

19  permitted without leave of court, good cause having been shown

20  under Federal Rule of Civil Procedure 16(b).

21          II.  JOINDER OF PARTIES/AMENDMENTS

22          No further joinder of parties or amendments to

23  pleadings will be permitted except with leave of court, good

24  cause having been shown under Federal Rule of Civil Procedure

25  16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604

26  (9th Cir. 1992).

27          III. JURISDICTION/VENUE

28          Jurisdiction is predicated upon federal question

                              2

jurisdiction, 28 U.S.C. § 1331, because plaintiffs have brought

claims under the Comprehensive Environmental Response,

Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-

9675.  Venue is found to be proper because the events giving rise

to plaintiffs' claims occurred in this district.  28 U.S.C. §

1391(b).

IV.  <u>DISCOVERY</u>[1]

Initial disclosures as required by Federal Rule of

Civil Procedure 26(a)(1) having been made before the case was

stayed, the parties shall serve supplemental or amended

disclosures by no later than April 29, 2011.

The parties shall disclose experts and produce reports

in accordance with Federal Rule of Civil Procedure 26(a)(2) by no

later than September 13, 2013.  With regard to expert testimony

intended solely for rebuttal, those experts shall be disclosed

and reports produced in accordance with Federal Rule of Civil

Procedure 26(a)(2) on or before November 15, 2013.

All discovery, including depositions for preservation

of testimony, is left open, save and except that it shall be so

conducted as to be <u>completed</u> by March 21, 2014.  The word

"completed" means that all discovery shall have been conducted so

that all depositions have been taken and any disputes relevant to

---

[1]    The court declines the parties' suggestion to simply set a further status conference for November due the complexity of the case (and the fact that despite commencing in 2003, the case has been stayed for most of its life).  Instead, the court has given the parties.  Those dates go through 2014, which gives the parties more time than should be necessary to get this case ready for trial.  There is no reason to grant defendant Vic Manufacturing Company's request to stay discovery until after it moves for judgment on the pleadings.

3

discovery shall have been resolved by appropriate order if
necessary and, where discovery has been ordered, the order has
been obeyed.  All motions to compel discovery must be noticed on
the magistrate judge's calendar in accordance with the local
rules of this court and so that such motions may be heard (and
any resulting orders obeyed) not later than March 21, 2014.

V.   <u>MOTION HEARING SCHEDULE</u>

All motions, except motions for continuances, temporary
restraining orders, or other emergency applications, shall be
filed on or before May 23, 2014.  All motions shall be noticed
for the next available hearing date.  Counsel are cautioned to
refer to the local rules regarding the requirements for noticing
and opposing such motions on the court's regularly scheduled law
and motion calendar.

VI.   <u>FINAL PRETRIAL CONFERENCE</u>

The Final Pretrial Conference is set for July 21, 2014,
at 2:00 p.m. in Courtroom No. 5.  The conference shall be
attended by at least one of the attorneys who will conduct the
trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for
trial at the time of the Pretrial Conference, with no matters
remaining to be accomplished except production of witnesses for
oral testimony.  Counsel shall file separate pretrial statements,
and are referred to Local Rules 281 and 282 relating to the
contents of and time for filing those statements.  In addition to
those subjects listed in Local Rule 281(b), the parties are to
provide the court with: (1) a plain, concise statement which
identifies every non-discovery motion which has been made to the

4

1  court, and its resolution; (2) a list of the remaining claims as
2  against each defendant; and (3) the estimated number of trial
3  days.

4        In providing the plain, concise statements of
5  undisputed facts and disputed factual issues contemplated by
6  Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
7  that remain at issue, and any remaining affirmatively pled
8  defenses thereto.  If the case is to be tried to a jury, the
9  parties shall also prepare a succinct statement of the case,
10  which is appropriate for the court to read to the jury.

11        VII.  <u>TRIAL SETTING</u>

12        The jury trial is set for September 16, 2014, at 9:00
13  a.m.  The parties estimate that the trial will last sixty court
14  days.

15        VIII. <u>SETTLEMENT CONFERENCE</u>

16        A Settlement Conference will be set at the time of the
17  Pretrial Conference.  All parties should be prepared to advise
18  the court whether they will stipulate to the trial judge acting
19  as settlement judge and waive disqualification by virtue thereof.

20        Counsel are instructed to have a principal with full
21  settlement authority present at the Settlement Conference or to
22  be fully authorized to settle the matter on any terms.  At least
23  seven calendar days before the Settlement Conference counsel for
24  each party shall submit a confidential Settlement Conference
25  Statement for review by the settlement judge.  If the settlement
26  judge is not the trial judge, the Settlement Conference
27  Statements shall not be filed and will not otherwise be disclosed
28  to the trial judge.

IX.  <u>MODIFICATIONS TO SCHEDULING ORDER</u>

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

DATED: April 14, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE