m

                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA

                          ----oo0oo----

CHARLES H. LEWIS and JANE W.        NO. CIV. S-03-2646 WBS CKD
LEWIS,

          Plaintiffs,
                                    MEMORANDUM AND ORDER RE: MOTIONS
     v.                             FOR JUDGMENT ON THE PLEADINGS

ROBERT D. RUSSELL; IRENE
RUSSELL; BEN J. NEWITT; the
Estate of PHILLIP NEWITT,
Deceased; JUNG HANG SUH; SOO
JUNG SUH; JUNG K. SEO; THE DAVIS
CENTER, LLC; MELVIN R. STOVER,
individually and as trustee of
the Stover Family Trust; EMILY
A. STOVER, individually and as
trustee of the Stover Family
Trust; STOVER FAMILY TRUST;
RICHARD ALBERT STINCHFIELD,
individually and as successor
trustee of the Robert S.
Stinchfield Separate Property
Revocable Trust, and as trustee
of the Barbara Ellen Stinchfield
Testamentary Trust; ROBERT S.
STINCHFIELD SEPARATE PROPERTY
REVOCABLE TRUST; THE BARBARA
ELLEN STINCHFIELD TESTAMENTARY
TRUST; WORKROOM SUPPLY, INC., a
California corporation; SAFETY-
KLEEN CORPORATION, a California
corporation; the CITY OF DAVIS;
JENSEN MANUFACTURING COMPANY;
VIC MANUFACTURING COMPANY;

                               1

MARTIN FRANCHISES INC., aka/dba
MARTINIZING DRY CLEANING,

                Defendants.
_____

AND RELATED COUNTER, CROSS,
AND THIRD PARTY CLAIMS.
_____/

----oo0oo----

        Charles H. Lewis and Jane W. Lewis (the "Lewises")
brought this action pursuant to the Comprehensive Environmental
Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C.
§§ 9601-9675, for recovery of costs incurred removing hazardous
substances from a piece of real property located in Davis,
California ("Property").  Presently before the court are
defendant Vic Manufacturing Company's ("Vic") motions for
judgment on the pleadings on The Davis Center LLC's ("Davis
Center") First Amended Cross-Claims and the City of Davis' First
Amended Cross-Claims pursuant to Federal Rule of Civil Procedure
12(c).

I.   Factual and Procedural Background

        This multi-party litigation concerns the contamination
of the Property with tetrachloroethene ("PCE"), a chemical
allegedly released through the operation of a dry cleaning
facility on the Property.  (See Second Am. Compl. ("SAC") ¶ 40
(Docket No. 197).)  The parties include the alleged owners and
managers of the Property during the relevant time period, the
operators of the dry cleaning facility, the entities that
supplied and removed the PCE, and the manufacturers of the
equipment used in dry cleaning operations at the Property.  (See
id. ¶¶ 7-25; First Am. Third Party Compl. ("FATPC") ¶¶ 1-2

2

(Docket No. 198).)  The City of Davis is also a party to the litigation because of its alleged role in maintaining the underground sewer system that services the Property.  (SAC ¶ 22.) Since the filing of the original complaint in 2003, the parties have filed numerous counterclaims, crossclaims, and third-party claims for contribution pursuant to 42 U.S.C. § 9613(f).

In February 1999, the California Regional Water Quality Control Board, Central Valley Region ("RWQCB"), informed the owners and operators of the Property that it had discovered PCE in the soil and groundwater at the Property.  (SAC ¶ 40.) The RWQCB then issued a Cleanup and Abatement Order on October 2, 2002, instructing the current and past owners and operators of the Property to investigate the extent of the PCE contamination and to prepare work plans to address the contamination.  (Id. ¶ 42.)  Thereafter, some of the parties, including the Lewises, incurred costs in carrying out the activities ordered by the RWQCB.  (Id. ¶¶ 42, 46.)

The Lewises filed the Complaint in this action on December 9, 2003, seeking various forms of declaratory relief and asserting claims for cost recovery and contribution, 42 U.S.C. §§ 9607, 9613; contribution and/or indemnity, Cal. Health & Safety Code § 25363(e); equitable indemnity and contribution; negligence; and breach of contract.  (See Compl. (Docket No. 1).) After more than a year of litigation, including the filing of numerous cross-claims, counter-claims, a third-party complaint by the Davis Center, and answers thereto, the court ordered a stay of litigation on April 13, 2005, to facilitate an agreed-upon settlement process.  (See Order of Settlement Process 1:23-2:2,

3

12:6-7 (Docket No. 124).)  After the settlement process failed to resolve of the litigation, the court dissolved the stay on September 12, 2008.  (See Sept. 12, 2008 Order (Docket No. 253).

During the settlement stay, the court granted plaintiffs leave to file their SAC.  (Aug. 8, 2007 Order (Docket No. 195).)  Vic was first named as a party in the litigation proceedings on August 22, 2007, when plaintiffs filed their SAC adding Vic as a defendant.  (Docket No. 197.)  The SAC alleges that Vic manufactured at least one of the dry cleaning machines used on the property.  (SAC ¶ 24.)[1]  On September 6, 2007, Davis Center filed its First Amended Third Party Complaint ("FATPC") naming Vic as a third-party defendant for the first time. (Docket No. 198.)  The City of Davis added Vic as a party to its cross-claims on February 29, 2008, when it filed its First Amended Cross-Claim ("FACC").  (Docket No. 229.)

Vic filed its Answers to the SAC, FATPC, and FACC on November 27, 2007, January 29, 2008, and April 3, 2008, respectively.  (See Docket Nos. 206, 222, 237.)  Vic did not raise incapacity as an affirmative defense in any of its responsive pleadings.  Vic raised the subject of its corporate dissolution only in its Answer to City of Davis' FACC.  In its Answer, Vic states that:

> In response to paragraph 20, this answering defendant admits it was a duly formed and operating corporation but is now a dissolved corporation and it otherwise denies the allegations in paragraph 20 to the extent that they pertain to it and otherwise lacks sufficient information and belief upon which to answer the allegations contained in said paragraph, and based thereon denies each and

---

[1]    Plaintiffs dismissed their claims against Vic on November 7, 2011.  (Docket No. 349.)

1    every allegation therein.

2    (Answer of Third-Party Def. Vic to City of Davis' FACC ("Answer

3    to FACC") ¶ 19.)   There are no additional references to Vic's

4    status as a dissolved corporation in its responsive pleadings.

5    In each of its responsive pleadings, Vic did raise as affirmative

6    defenses that the complaint did not state facts sufficient to

7    state a cause of action against Vic, (id. at 8; Answer of Third-

8    Party Def. Vic to FATPC ("Answer to FATPC") at 7), and the

9    statute of limitations, (Answer to FACC at 10; Answer to FATPC at

10   9).

11       Also during the settlement stay, Jung Hang Suh and Soo

12   Jung Suh, who allegedly operated the dry cleaning facility from

13   1996 through 2005 (SAC ¶ 36), filed for bankruptcy.  (See Dec.

14   14, 2005 Order (Docket No. 162) at 1:25.)   The case was thus

15   automatically stayed as to them pursuant to 11 U.S.C. § 362,

16   which prevents the "commencement or continuation . . . of a

17   judicial, administrative, or other action or proceeding against

18   the debtor that was or could have been commenced before the

19   commencement" of the bankruptcy action.  11 U.S.C. § 362(a)(1).

20   On May 7, 2009, the court stayed the entire action pursuant to 11

21   U.S.C. § 362(a), reasoning that the claims by and against the

22   Suhs were so integral that they could not be meaningfully excised

23   from the litigation.  Lewis v. Russell, No. CIV S-03-2646 WBS

24   KJM, 2009 WL 1260290, at *3 (E.D. Cal. May 7, 2009); (Docket No.

25   301).  Following the resolution of the Suh's bankruptcy

26   proceedings, the stay was lifted on January 29, 2011.  (Docket

27   No. 333.)

28       Once the bankruptcy stay was lifted, the parties filed

5

an Amended Joint Status Report on April 4, 2011. (Docket No.
341.)  In the status report, Vic states that: "Vic is a dissolved
Minnesota corporation.  Under Minnesota law, the present claim is
untimely as no claim was filed against Vic within 2 years after
the date it filed its notice of intent to dissolve." (Am. Joint
Status Report at 15:16-19 (citing Minn. Stat. § 302A.7291 subd.
3; <u>Camacho v. Todd & Leiser Homes</u>, 706 N.W.2d 49 (Minn. 2005)).)
Vic requested that the court stay further discovery until it was
able to file a motion for judgment on the pleadings raising its
incapacity claim.  (<u>Id.</u> at 19:27-20:19.)  The court did not grant
the requested stay. (April 13, 2011 Order at 3 n.1 (Docket No.
344.))

        Vic now seeks entry of a Rule 12(c) judgment on the
pleadings on the City of Davis' FACC and Davis Center's FATPC on
the basis that it lacked the capacity to be sued in federal court
pursuant to Rule 17(b) when the parties first asserted claims
against Vic in this action.  In its motions, Vic states that it
was dissolved under Minnesota law on February 25. 2002. (Req.
for Judicial Notice Ex. A; Mot. for J. on the Pleadings on Davis
Center's FATPC at 4:5-7; Mot. for J. on the Pleadings on City of
Davis' FACC at 4:1-2.)

II.  <u>Discussion</u>

    A.  <u>Motion for Judgment on the Pleadings</u>

        "After the pleadings are closed -- but early enough not
to delay trial -- a party may move for judgment on the
pleadings." Fed. R. Civ. P. 12(c).  A Rule 12(c) motion may ask
for judgment on the basis of plaintiff's "[f]ailure to state a
claim upon which relief can be granted." <u>Id.</u> 12(h)(2)(B).  Such

a motion is essentially equivalent to a Rule 12(b)(6) motion to dismiss, so a district court may "dispos[e] of the motion by dismissal rather than judgment."[2] Sprint Telephony PCS, L.P. v. Cnty. of San Diego, 311 F. Supp. 2d 898, 903 (S.D. Cal. 2004).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that the pleading standard rests on two principles. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. While showing an entitlement to relief "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. If the pleadings "do not permit the court to infer more

---

[2]    The motions differ in only two respects:

(1) the timing (a motion for judgment on the pleadings is usually brought <u>after</u> an answer has been filed, whereas a motion to dismiss is typically brought <u>before</u> an answer is filed), and (2) the party bringing the motion (a motion to dismiss may be brought <u>only</u> by the party against whom the claim for relief is made, usually the defendant, whereas a motion for judgment on the pleadings may be brought by <u>any</u> party) (internal citation omitted).

Sprint Telephony, 311 F. Supp. 2d at 902-03.

1  than the mere possibility of misconduct, the complaint has

2  alleged -- but it has not 'show[n]' -- 'that the pleader is

3  entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).[3]

4          Federal Rule of Civil Procedure 17(b)(2) provides that

5  a corporation's capacity to be sued is determined by reference to

6  the law of the state in which it is incorporated.  Vic was

7  incorporated in the state of Minnesota and dissolved in

8  accordance with Minnesota law on February 25, 2002.  (Def's Req.

9  for Judicial Notice, Ex. A.)  Accordingly, under Rule 17(b)(2),

10 Minnesota law controls on the question of Vic's capacity to be

11 sued.

12         Minnesota law provides claimants with a two-year window

13 to file post-dissolution claims against corporations.  Minn.

14 Stat. § 302A.7291 subd. 3.  After the expiration of the two-year

15 claims period, claims may no longer be raised against dissolved

16 corporations.  See Louisiana-Pac. Corp. v. ASARCO, Inc., 5 F.3d

17 431, 434 (9th Cir. 1993) (holding that CERCLA claims could not be

18

19         [3]    Vic has requested that the court take judicial notice
   of the Certificate of Dissolution of Vic Manufacturing Company,
20 Inc.  In considering a motion for judgment on the pleadings, a
   court may consider "documents attached to the complaint,
21 documents incorporated by reference in the complaint, or matters
   of judicial notice -- without converting the motion . . . into a
22 motion for summary judgment."  United States v. Ritchie, 342 F.3d
   903, 908 (9th Cir. 2003); see Heliotrope Gen., Inc. v. Ford Motor
23 Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999).  A court may take
   judicial notice of facts "not subject to reasonable dispute"
24 because they are either "(1) generally known within the
   territorial jurisdiction of the trial court or (2) capable of
25 accurate and ready determination by resort to sources whose
   accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.
26 The court may take judicial notice of matters of public record or
   of documents whose contents are alleged in the complaint and
27 whose authenticity is not questioned.  Lee v. City of L.A., 250
   F.3d 668, 688-89 (9th Cir. 2001).  The court will take judicial
28 notice of Vic's exhibit, as it is a matter of public record whose
   accuracy cannot be questioned.  See id. at 689.

brought against dissolved Washington corporation after expiration of Washington's two-year corporate capacity term).  Vic was dissolved on February 25, 2002, thus the two year window to file post-dissolution claims against Vic expired on February 25, 2004. The Davis Center did not file its FATPC against Vic until September 6, 2007, and the City of Davis did not file its FACC against Vic until February 29, 2008 -- six years after Vic's dissolution.[4]  Vic thus moves for judgment on the pleadings because it lacks capacity to be sued pursuant to Rule 17(b).

The City of Davis and Davis Center argue that Vic waived its incapacity defense when it failed to include the defense in its responsive pleadings pursuant to Rule 9(a)(2). They also rely on Rule 12, which provides that every defense must be raised in the responsive pleading or by motion before pleading.  Fed. R. Civ. P. 12(b); see also De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 878 (9th Cir. 2000) ("Case law in this circuit states that the 'specific negative averment' must be made 'in the responsive pleading or by motion before pleading.'" (quoting Summers v. Interstate Tractor & Equip. Co., 466 F.2d 42, 49-50 (9th Cir. 1972))).  Defenses not raised in the responsive pleadings are deemed to have been waived.  See Summers, 466 F.2d at 50.

Ninth Circuit caselaw would appear at first glance to hold that lack of capacity is a waivable defense.  See, e.g., De Saracho, 206 F.3d at 880; Summers, 466 F.2d at 50; In re

---

[4]     Neither City of Davis nor Davis Center argue that their claims should relate back to the date of the Lewises' original complaint filed on December 9, 2003.

1   Allustiarte, 786 F.2d 910, 914 (9th Cir. 1986); AmeriPride Servs.

2   Inc. v. Valley Indus. Serv., Inc., No. CIV S-00-113, 2008 WL

3   5068672, at *4 (E.D. Cal. 2008);  E.R. Squibb & Sons, Inc. v.

4   Accident & Cas. Ins. Co., 160 F.3d 925, 936 (2d Cir. 1998); Swaim

5   v. Moltan Co., 73 F.3d 711, 718 (7th Cir. 1996); Wagner Furniture

6   Interiors, Inc. v. Kemner's Georgetown Manor, Inc., 929 F.2d 343,

7   345 (7th Cir. 1991); MTO Mar. Transp. Overseas, Inc. v. McLendon

8   Forwarding Co., 837 F.2d 215, 218 (5th Cir. 1988); Trounstine v.

9   Bauer, Pogue & Co., 144 F.2d 379, 383 (2d Cir. 1944).  This

10  caselaw, however, is distinguishable from the present case in

11  three important respects.

12      First, the Ninth Circuit has never addressed whether

13  state statutes controlling corporate capacity function as

14  substantive statutes of repose rather than procedural

15  requirements.[5]  Without guidance from the Ninth Circuit, the

16  court believes that Rule 17(c)'s instruction to look to state law

17  to determine whether a corporation may be sued also requires the

18  court to consider whether the applicable state law designates

19  lack of capacity by a corporation as an affirmative, waivable

20  defense or as a non-waivable substantive statute of repose.  The

21  court therefore looks to Minnesota law to determine the legal

22  effect of the state's corporate capacity statute.  See Roskam

23  Baking Co. v. Lanham Mach. Co., Inc., 288 F.3d 895, 901 (6th Cir.

24

25      [5]    A statute of repose limits the time within which an
    action may be brought and is not related to the accrual of any
26  cause of action.  Unlike a statute of limitations, a statute of
    repose begins when a specific event occurs, such as the
27  dissolution of a corporation, regardless of whether a cause of
    action or injury has yet accrued.  See McDonald v. Sun Oil Co.,
28  548 F.3d 774, 779-80 (9th Cir. 2008).

2002) (evaluating the legal effect of a statute of repose under state law to determine if the defense was procedural or substantive).

In <u>Camacho v. Todd & Leiser, Homes, Inc.</u>, 706 N.W.2d 49 (Minn. 2005), the Minnesota Supreme Court found that the Minnesota statute that regulates when post-dissolution claims can be brought against corporations is a substantive statute of repose.  <u>Id.</u> at 55.  "[W]hen the repose period expires, the cause of action is extinguished before it comes into existence and prevented from accruing."  <u>In re Individual 35W Bridge Litig.</u>, Nos. A10-0087, A10-0089, A10-0090, A10-0091, --- N.W.2d ----, 2011 WL 5964496, at *7 (Minn. Nov. 30, 2011); <u>see also</u> <u>Warfield v. Alaniz</u>, 453 F. Supp. 2d 1118, 1130 (D. Ariz. 2006) (noting that "a statute of repose extinguishes the claim after the specified time period has expired").  Because the cause of action is extinguished and prevented from accruing in the first place, statutes of repose deprive plaintiffs of the ability to state a claim against the dissolved corporation.  <u>Roskam Baking Co.</u>, 288 F.3d at 900-01; <u>Stuart v. Am. Cyanamid Co.</u>, 158 F.3d 622, 627 (2d Cir. 1998).

The extinguishment of a claim before it accrues distinguishes statutes of repose from traditional affirmative defenses, such as statutes of limitations, and means that "a statute of repose cannot be waived."  <u>Donell v. Keppers</u>, No. 10-cv-2613-IEG, 2011 WL 6098025, at *5 (S.D. Cal. Dec. 6, 2011) (citing <u>Warfield</u>, 453 F. Supp. 2d at 1130); <u>see also</u> <u>Klein v. Capital One Fin. Corp.</u>, No. 4:10-CV-00629-EJL, 2011 WL 3270438, at *7 n.5 (D. Idaho July 29, 2011) ("[T]he statute of repose . .

1  . cannot be waived."). Thus, Vic's incapacity defense is not a

2  traditional affirmative defense and was not waived by Vic's

3  failure to include the defense in its responsive pleadings.

4  　　　　　Second, the courts in Summers, Wagner Furniture, De

5  Saracho, and MTO Maritime address the defendant's waiver of their

6  defense that the plaintiff lacks capacity to sue, not that the

7  defendant lacks the capacity to be sued.  Incapacity in these

8  cases is typically due to the inability of the plaintiff to sue

9  in a representative capacity, (see, e.g., Summers, 466 F.2d at

10 49), or the failure to comply with state corporate registration

11 laws, (see, e.g., Wagner Furntiture, 929 F.2d at 345).  Such

12 technical causes of incapacity result from procedural rules and

13 thus require affirmative pleading under Rule 9.  Waiver due to a

14 defendant's failure to raise a plaintiff's incapacity to sue can

15 be analogized to waiver by a defendant that the court lacks

16 personal jurisdiction -- failure to affirmatively plead the

17 defense suggests that the defendant waives any objection it has

18 to the plaintiff's failure to comply with the procedural rules.

19 　　　　　Incapacity to sue due to procedural defects differs

20 significantly from incapacity to be sued due to corporate

21 dissolution.  Incapacity to be sued results from a substantive,

22 not procedural, requirement -- the statute of repose.  When a

23 corporation lacks capacity due to its previous dissolution, it

24 cannot be sued because it no longer exists.  It follows that the

25 substantive incapacity defense brought by dissolved corporations

26 should be harder to waive than the procedural incapacity defense

27 brought by parties contesting plaintiff's ability to sue.

28 　　　　　Third, the caselaw cited by plaintiffs is

                                12

distinguishable because in most of the cases the defense was not raised until the eve of trial or during appeal.  See, e.g., Summers, 466 F.2d 42, 49-50 (appeal); De Saracho, 206 F.3d 874 (eve of trial); Swaim, 73 F.3d at 718 (appeal); Wagner Furniture, 929 F.2d at 345 (two weeks before trial); In re Allustiarte, 786 F.2d at 914 (during trial); MTO Maritime, 837 F.2d at 218 (eve of trial); Trounstine, 144 F.2d at 383 (trial).  These cases only establish that capacity may not be raised on the eve of trial, not that capacity is waived if it is not included in the responsive pleadings.

The Ninth Circuit has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings."  Magana v. Commonwealth of the N. Mar. I., 107 F.3d 1436, 1446 (9th Cir. 1997).  A defendant may raise an affirmative defense for the first time in a motion for judgment on the pleadings where the delay does not prejudice the plaintiff. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001); see also Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993) (holding that qualified immunity affirmative defense may be raised for the first time at summary judgment where there is no prejudice to the plaintiff); Rivera v. Anaya, 726 F.2d 564, 566 (9th Cir. 1984) (holding that affirmative defense of statute of limitations may be raised for the first time at summary judgment where plaintiff was not prejudiced).  In the present case, although Vic's incapacity to sue was not raised for four years after Vic was added to the case, the litigation is still in its infancy.  The case was stayed for the majority of the time after Vic was added as a party, trial is not scheduled

until 2014, and only initial written discovery has been
conducted.  The prejudice to City of Davis and Davis Center in
allowing Vic to raise incapacity at this time is therefore
minimal.

          The only cited case in which the defendant both raised
its own incapacity as a defense and did not do so on the eve of
trial is AmeriPride, in which the corporate defendant had been
dissolved for several years and raised incapacity in its motion
for summary judgment.  AmeriPride, 2008 WL 5068672, at *4.
There, the district court found that incapacity was a waivable
defense; however the court was not discussing whether the
defendant had waived the defense by not including it in its
answer (because it had).  Rather, the court addressed whether the
defendant's active litigation strategy constituted an affirmative
waiver of the defense and found that it did not.  Id.  Here,
Vic's involvement in the litigation has been minimal and could
not be interpreted as inconsistent with or affirmatively waiving
its incapacity defense.

          The court is aware of no case, and the parties have
presented none, in which a court has rejected a defendant
corporation's incapacity defense when it was presented well
before trial.  Waiver of the incapacity defense instead appears
to occur only when a number of factors are simultaneously
present.  Vic's timing in raising its corporate capacity defense
is not the sine qua non.  The three factors distinguishing this
case from those finding waiver of the incapacity defense --
Minnesota's classification of its corporate dissolution statute
as a statute of repose, the substantive nature of the defense,

14

and the lack of prejudice to City of Davis and Davis Center -- suggest that a finding of waiver would be inappropriate and inequitable in this case.  Accordingly, the court will grant Vic's motion for judgment on the pleadings.

   B. <u>Notice Prior to Further Amendments</u>

    In the Joint Status Report filed April 4, 2011, the Lewises and Davis Center stated that there is a possibility that they may move for leave to amend their complaints to add Dow Chemical Company ("Dow") as an additional defendant/third-party defendant.  (Joint Status Report at 17:8-18.)  Counsel should be informed that the undersigned judge has a financial interest in Dow as defined by 28 U.S.C. § 455(b)(4).  If any party intends to file a motion for leave to amend to add Dow as a party, the court requests that it be notified beforehand so that it may take the necessary steps to avoid a violation of that statute.

    IT IS THEREFORE ORDERED that Vic's motions for judgment on the pleadings be, and the same hereby are, GRANTED.

DATED:  January 20, 2012

          _William V. Shubb_____

          WILLIAM B. SHUBB
          UNITED STATES DISTRICT JUDGE