UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHARLES H. LEWIS and JANE W. LEWIS,<br><br>            Plaintiffs,<br><br>     v.<br><br>ROBERT D. RUSSELL; IRENE RUSSELL; BEN J. NEWITT; the Estate of PHILLIP NEWITT, Deceased; JUNG HANG SUH; SOO JUNG SUH; JUNG K. SEO; THE DAVIS CENTER, LLC; MELVIN R. STOVER, individually and as trustee of the Stover Family Trust; EMILY A. STOVER, individually and as trustee of the Stover Family Trust; STOVER FAMILY TRUST; RICHARD ALBERT STINCHFIELD, individually and as successor trustee of the Robert S. Stinchfield Separate Property Revocable Trust, and as trustee of the Barbara Ellen Stinchfield Testamentary Trust; ROBERT S. STINCHFIELD SEPARATE PROPERTY REVOCABLE TRUST; THE BARBARA ELLEN STINCHFIELD TESTAMENTARY TRUST; WORKROOM SUPPLY, INC., a California corporation; SAFETY-KLEEN CORPORATION, a California corporation; the CITY OF DAVIS; JENSEN MANUFACTURING COMPANY; | NO. CIV. 2:03-2646 WBS CKD<br><br><u>ORDER</u> |

1

```
VIC MANUFACTURING COMPANY;
MARTIN FRANCHISES INC., aka/dba
MARTINIZING DRY CLEANING,

            Defendants.
_____

AND RELATED COUNTER, CROSS,
AND THIRD PARTY CLAIMS.
                               /
```

----oo0oo----

When a motion for summary judgment is filed, Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" give the nonmovant "time to obtain affidavits or declarations or to take discovery . . . ." Fed. R. Civ. Pro. 56(d). At the hearing on Martin Franchises, Inc.'s ("Martin"), motion for summary judgment on September 24, 2012, counsel for the City of Davis ("City") stated that she was not prepared to present such facts in support of the City's CERCLA and nuisance claims asserted against Martin.

The court will accordingly give the City ten days from the date of this Order to file a request pursuant to Rule 56(d). Any request shall be supported by an affidavit showing why the City needs additional time to gather facts essential to oppose Martin's motion for summary judgment, how much additional time it needs, and what discovery it plans to do in that time.

Until the court considers any Rule 56(d) request by the City, it will not rule on Martin's motion for summary judgment on the City's claims against Martin for recovery under CERCLA § 107(a), contribution under CERCLA § 113(f), public nuisance under

California Civil Code section 713, public nuisance under Davis Municipal Code Chapter 23.0.0, contribution, equitable indemnity, declaratory relief under CERCLA § 113(g), and declaratory relief under 28 U.S.C. § 2201.

    IT IS SO ORDERED.

DATED: October 2, 2012

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE