1  JENNIFER HARTMAN KING (Bar No. 211313)
   ALANNA C. LUNGREN (Bar No. 269668)
2  TYLER BOWLIN (Bar No. 305715)
   KING WILLIAMS LLP
3  520 Capitol Mall, Suite 750
   Sacramento, CA  95814
4  Telephone:   (916) 379-7530
   Facsimile:    (916) 379-7535
5  JHartmanKing@KingWilliamsLaw.com
   ALungren@KingWilliamsLaw.com
6  TBowlin@KingWilliamsLaw.com

7  BEST, BEST & KRIEGER LLP
   HARRIET A. STEINER (Bar No. 109436)
8  500 Capitol Mall, Suite 1700
   Sacramento, CA 95814
9  Telephone:   (916) 325-4000
   Facsimile:    (916) 325-4010
10 Harriet.Steiner@bbklaw.com

11 Attorneys for Counter Claimant
   CITY OF DAVIS

Exempt From Filing Fees Pursuant To
Government Code Section 6103

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES H. LEWIS AND JANE W. LEWIS,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT D. RUSSELL, ET AL.,<br><br>Defendants,<br><br>AND RELATED COUNTER, CROSS AND THIRD-PARTY CLAIMS. | Case No.:  CIV S-03-2646 WBS AC<br><br>**STIPULATION TO EXTEND TRIAL AND OTHER DEADLINES SET FORTH IN PRETRIAL SCHEDULING ORDER**<br><br>**[PROPOSED] ORDER**<br><br>**[LR 144]**<br><br>Trial Date: January 30, 2018 |

**STIPULATION**

Counter Claimant City of Davis (the "City"); Counter Claimants The Davis Center, LLC, Emily A. Stover, individually and as Trustee of the Stover Family Trust and as Personal Representative for Melvin Stover (Deceased), and Richard Albert Stinchfield, individually and as Trustee of the Robert S. Stinchfield Separate Real Property Trust and as Trustee of the Barbara Ellen Stinchfield Testamentary Trust (collectively, "Landowners"); Counter Claimants Potter Taylor & Co., Potter, Long, Adams & Taylor Ltd., Davis Center, Potter-Taylor, Inc., Potter Taylor & Scurfield, Inc. (collectively, "Potter-Taylor"); and Counter Defendants Charles H. Lewis (Deceased) and Jane W. Lewis (Deceased) ("Lewis") (The City, Landowners, Potter-Taylor and Lewis are referred to collectively herein as the "Participating Parties"), by and through their respective counsel, hereby stipulate as follows:

WHEREAS, on August 12, 2013, The Davis Center moved to amend the scheduling order (Doc. No. 447) and the Participating Parties stipulated to extend the deadlines to disclose experts (Doc. No. 458). On August 30, 2013, the Court entered Orders granting the Motion (Doc. No. 457) and approving the Stipulation (Doc. No. 460).

WHEREAS, on February 28, 2014, the Participating Parties entered into a further stipulation to amend the scheduling order to allow time to produce and compile data associated with the investigative study (Doc. No. 472). On March 3, 2014, the Court entered an Order approving the Stipulation (Doc. No. 474).

WHEREAS, on August 15, 2014, the Participating Parties entered into a further stipulation to amend the scheduling order to allow time to produce and compile additional data associated with the site investigation (Doc. No. 475). On August 19, 2014, the Court entered an Order approving the Stipulation (Doc. No. 477).

WHEREAS, on December 12, 2014, the Participating Parties entered into a further stipulation to amend the scheduling order to allow time to develop a cost estimate and work plan for the proposed remediation (Doc. No. 478). On the same day, the Court entered an Order approving the Stipulation (Doc. No. 479).

WHEREAS, on June 2, 2015, the Participating Parties entered into a further stipulation to

amend the scheduling order to allow additional time to develop a cost estimate and work plan for the proposed remediation and to enter into possible mediation in an effort to resolve the case (Doc. No. 480). On June 15, 2015, the Court entered an Order approving the Stipulation (Doc. No. 481).

WHEREAS, the Participating Parties held a mediation in December of 2015, and since that time have continued to negotiate settlement terms among themselves and with the California Regional Water Quality Control Board, Central Valley Region.

WHEREAS, on December 21, 2016, in light of progress in settlement negotiations, the Participating Parties entered into a further stipulation to amend the scheduling order to allow additional time to draft settlement documents and secure approval of those terms by all Participating Parties (Doc. No. 511). On December 22, 2016, the Court entered an Order approving the Stipulation (Doc. No. 512). Under that Order, the trial in this matter is set to commence on October 31, 2017.

WHEREAS, on March 7, 2017, counsel for Lewis filed a Statement of Fact of Death in the above-captioned action ("Action"), suggesting upon the record the death of Charles H. Lewis and Jane W. Lewis (Doc. No. 518).

WHEREAS, on May 22, 2017, the Superior Court of California for Yolo County duly appointed Robert Zehnder as Personal Representative of Charles H. Lewis in Case Number PB17-94.

WHEREAS, on June 15, 2017, the Participating Parties transmitted various settlement documents to the California Regional Water Quality Control Board, Central Valley Region, for its review and approval.

WHEREAS, on June 22, 2017, the Participating Parties entered into a stipulation agreeing to substitute: 1) Robert Zehnder, as Personal Representative of Charles H. Lewis as a party to this Action in place of Charles H. Lewis (Deceased) and Jane W. Lewis (Deceased) for purposes of the City's counter claims against Lewis only; and 2) the Estate of Charles H. Lewis (Deceased) as a party to this Action in place of Charles H. Lewis (Deceased) and Jane W. Lewis (Deceased) for purposes of the Landowner's and Potter-Taylor's respective counter claims against Lewis only (Doc. No. 526).

1   WHEREAS, on June 22, 2017, in light of the Participating Parties' progress in having prepared the various settlement documents and efforts in the process to secure approval of the settlement documents from the California Regional Water Quality Control Board, Central Valley Region, the Participating Parties entered into a further stipulation to amend the scheduling order and extend the deadlines by three months (Doc. No. 527). On June 23, 2017, the Court entered an Order approving that stipulation (Doc. No. 529). Under that Order, the trial in this matter is set to commence on January 30, 2018.

   WHEREAS, as previously mentioned to the Court's clerk, the City plans to file a dispositive motion as to the non-participating parties, Jung Hang Suh and Soo Jung Suh, and in order to accommodate the Court's hearing calendar, and specifically in light of the upcoming pre-trial conference date of November 20, 2017, the Court advised the City that the pre-trial conference date would need to be rescheduled;

   WHEREAS, the Participating Parties, believe they have reached agreement on the major terms of settlement, have prepared the various settlement documents and are in the stages of finalizing those documents, but continue to require additional time in order to secure approval of the settlement documents from the California Regional Water Quality Control Board, Central Valley Region, the process for which includes a public notice and comment period, and will likely require at least another three months to complete; and

   WHEREAS, due to the upcoming January 30, 2018, trial date, proceeding toward trial on the current schedule would unnecessarily direct the Participating Parties' resources to trial preparation. As well, rescheduling the pre-trial conference date is necessary to accommodate the Court's hearing availability for dispositive motions in this Action. An extension of the existing deadlines by approximately three months will allow the Participating Parties to focus their resources on coordinating with one another and the California Regional Water Quality Control Board, Central Valley Region, in an effort to finalize the settlement among the Participating Parties and avoid the need for trial.

/ / /

/ / /

STIPULATION TO EXTEND TRIAL AND OTHER DEADLINES SET FORTH IN PRETRIAL SCHEDULING ORDER; [PROPOSED] ORDER

NOW THEREFORE, the Participating Parties hereby stipulate to extend the existing deadlines to the following dates:

1. Dispositive motion filing deadline is reset to December 15, 2017;
2. Final pre-trial conference is reset to February 20, 2018, or at such time that is convenient for the Court;
3. Jury trial is reset for April 30, 2018, or at such time that is convenient for the Court.

Dated: September 21, 2017   Respectfully submitted,

Law Offices of Francis M. Goldsberry

By: /s/ Francis M. Goldsberry (as authorized on Sept. 21, 2017)
    Francis M. Goldsberry

Attorneys for Counter Claimants Potter-Taylor & Co.; Potter, Long, Adams & Taylor, Ltd.; Davis Center; Potter-Taylor, Inc. and Potter Taylor & Scurfield, Inc.

Dated: September 21, 2017   Respectfully submitted,

King Williams LLP

By: /s/ Jennifer Hartman King
    Jennifer Hartman King

Attorneys for Counter Claimant City of Davis

Dated: September 22, 2017   Respectfully submitted,

Koeller, Nebeker, Carlson & Haluck, LLP

By: /s/ Peter Dye (as authorized on Sept. 22, 2017)
    Peter Dye

Attorneys for Counter Claimants The Davis Center, LLC; Emily A. Stover, individually and as Trustee of the Stover Family Trust and as Personal Representative for Melvin Stover (Deceased); and Richard Albert Stinchfield, individually and as Trustee of the Robert S. Stinchfield Separate Real Property Trust and as Trustee of the Barbara Ellen Stinchfield Testamentary Trust

Dated: September 21, 2017    Respectfully submitted,
Schuering Zimmerman & Doyle LLP


By: /s/ Keith D. Chidlaw (as authorized on Sept. 21, 2017)
    Keith D. Chidlaw

Attorneys for Counter Defendants Charles H. Lewis (Deceased) and Jane W. Lewis (Deceased), Robert Zehnder, as Personal Representative of Charles H. Lewis, and Estate of Charles H. Lewis (Deceased)

## [PROPOSED] ORDER

For good cause and pursuant to the above stipulation of the Participating Parties, IT IS HEREBY ORDERED that:

1. Dispositive motion filing deadline is reset to December 15, 2017;

2. Final pre-trial conference is reset to **February 26, 2018 at 1:30 p.m.**;

3. Jury trial is reset for **May 1, 2018 at 9:00 a.m.**


**IT IS SO ORDERED**.

Dated: September 22, 2017

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE