UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLES H. LEWIS and JANE W. LEWIS,

        Plaintiffs,

   v.

ROBERT D. RUSSELL, et. al.,

        Defendants.

Civ. No. 03-2646 WBS AC

MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT

        This action arises out of soil and groundwater contamination allegedly resulting from the release of a dry cleaning solvent. Presently before the court is defendant City of Davis's Motion for summary judgment against cross-claimants Jung Hang Suh and Soo Jung Suh (collectively, the "Suhs"). (Docket No. 533.)

I.   Factual and Procedural Background

        On December 9, 2003, Charles H. Lewis and Jane H. Lewis ("plaintiffs") brought suit under, <u>inter alia</u>, the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. Sections 9601 et seq., against the City of

1

Davis ("the City") and other defendants, including the Suhs, seeking to recover costs allegedly incurred in response to hazardous substance contamination at and around the real property located at 670 G Street, Davis, California (the "property"). (Decl. of Jennifer Hartman King ("King Decl.") ¶ 2 (Docket No. 533-2); Second Am. Compl. ("SAC") at 1 (Docket No. 197).) A dry cleaning business has been located at the property since at least 1964. (SAC ¶ 29.) Starting in 1996, the Suhs owned and operated the dry cleaning business at the property for approximately nine years. (King Decl. ¶ 4; Answer of Defs. Jung Hang Suh and Soo Jung Suh to First Am. Compl. ("Suhs Answer") (Docket No. 13).)

On October 2, 2002, the Central Valley Regional Water Quality Control Board issued Cleanup and Abatement Order R5-2002-0721 ("Cleanup Order") requiring the investigation and cleanup of the hazardous substance contamination at and around the property. (King Decl. ¶ 3; SAC ¶ 42.) The Cleanup Order named the Lewises, the Suhs, and other current or former dry cleaner operators at the property, in addition to the landowners, as parties responsible for the cleanup and remediation. (King Decl. ¶ 4.) The Cleanup Order stated that perchloroethylene ("PCE") and its breakdown product, trichloroethylene, were detected in the soil and groundwater at and around the property. (Id. ¶ 10.)

On May 14, 2004, the Suhs filed cross-claims against the City, among others, seeking cost recovery and contribution under CERCLA, and asserting claims of negligence, nuisance, and indemnity, and seeking attorneys' fees under Code of Civil Procedure section 1021.6 and declaratory relief. (Cross-Cl. (Docket No. 13).) The Suhs alleged that the release or

threatened release of any hazardous substance and damages at the property was caused solely by the acts or omissions of prior owners, operators, and property managers of the property. (Suhs Answer at 13.)

On October 15, 2005, the Suhs filed for bankruptcy, and as a result of the Suhs' bankruptcy case, the court stayed the action as to all parties. (See Mem. and Order re: Automatic Bankruptcy Stay (Docket No. 301).) On January 19, 2011, following the Suhs' bankruptcy discharge on September 16, 2010, the court ordered the bankruptcy stay dissolved. (Mem. and Order re: Motion to Stay and to Lift Stay (Docket No. 333).)

The City alleges that since the Suhs first appeared in the action and filed cross-claims against the City, the Suhs have completely failed to litigate their claims, and have failed to put forward any evidence in support of their allegations. (King Decl. ¶ 14.) For instance, despite the March 14, 2016 deadline to do so, the Suhs have not designated any expert witnesses. (Id. ¶¶ 20-21.) In addition, the Suhs have not responded to the City's Requests for Admissions, Requests for Production, or Interrogatories served on August 22 and 23, 2016 and April 27, 2017. (Id. ¶¶ 24-25, 28, Exs. A, B, C, E, F.)[1] On December 17, 2017 the City moved for summary judgment. The Suhs did not file an opposition to the City's Motion.

---

[1] On April 27, 2017, the City mailed a certified letter to the Suhs serving copies of the previously served Requests for Admissions and extending the time for the Suhs to respond. (Id. ¶¶ 31-33; Exs. G and H.) The City informed the Suhs that failure to respond to the City's Request for Admissions would cause the facts that are the subject of the Requests for Admissions, to be deemed admitted. (Id.)

## II. Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the outcome of the action, and a genuine issue is one for which a reasonable jury could find in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). It can satisfy that burden by presenting evidence that negates an essential element of the non-moving party's case or demonstrating that the non-moving party cannot produce evidence to support an essential element for which it will bear the burden of proof at trial. Id. Once the moving party meets its burden, the burden shifts to the non-moving party to "designate specific facts showing that there is a genuine issue [of material fact] for trial." Id. at 324.

"Even when a summary judgment motion is unopposed, a district court must determine whether summary judgment is appropriate--that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." McClintock v. Colosimo, Civ. No. 2:13-264 TLN DB, 2017 WL 1198653, at *1 (E.D. Cal. Mar. 31, 2017) (citations and internal quotations omitted.) "A court 'need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials.'" Leramo v. Premier Anesthesia Med. Grp., No., Civ.

No. 09-2083 LJO JTL, 2011 WL 2680837, at *8 (E.D. Cal. July 8, 2011) (quoting United States v. One Piece of Real Prop., etc., 363 F.3d 1099, 1101 (11th Cir. 2004)).

Under Federal Rule of Civil Procedure 36, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Once admitted, the matter "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). A party's unanswered requests for admission may be relied upon in granting summary judgment. See, e.g., O'Campo v. Hardisty, 262 F.2d 621, 623-24 (9th Cir. 1958) (affirming summary judgment based on unanswered requests for admissions); Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007) ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment.").

III. Discussion

The City relies on the Suhs' failure to respond to their requests for admission to establish that it is not liable on the cross claims asserted against it by the Suhs. (Def.'s Mem. at 11.)

A. CERCLA

The Suhs allege a cross-claim against the City for violating CERCLA. (Cross-cl. ¶¶ 10-14 (Docket No. 13).) To establish a prima facie case under CERCLA, the Suhs must demonstrate:

> (1) the site on which the hazardous substances are contained is a "facility" as defined by 42 U.S.C. § 9601(9); (2) a "release" or "threatened release" of any "hazardous substance" from the facility has occurred; (3) such "release" or "threatened release" has caused the plaintiff to incur response costs that were "necessary" and "consistent with the national contingency plan"; and (4) the defendant is within one of four classes of "potentially responsible parties" subject to the liability provisions of § 9607(a).

Coppola v. Smith, 19 F. Supp. 3d 960, 969 (E.D. Cal. 2014).

Here, the Suhs' failure to deny the City's requests for admission means that they are deemed to have admitted that they have no evidence that the City released PCE from the City's sewer mains or at the real property. (King Decl., Exs. A, H Request Nos. 1-8.) Thus, there is no triable issue of material fact, and the court must grant summary judgment to the City on the CERCLA claim.

### B. Negligence

The Suhs allege a negligence cross-claim against the city. (Cross-Cl. ¶¶ 15-18). To establish a prima facie claim for negligence, the Suhs must establish: "(a) a legal duty to use due care; (b) a breach of such legal duty; (c) the breach as the proximate or legal cause of the resulting injury." Jackson v. AEG Live, LLC, 233 Cal. App. 4th 1156, 1173 (2d Dist. 2015).

Here, the Suhs are deemed to have admitted that they have no evidence that the City negligently controlled, managed, owned, or monitored the property and that the City has not negligently managed, controlled, owned, or monitored the property. (See King Decl., Exs. A, H Request Nos. 9-24.) Thus, the Suhs have failed to present any evidence to support the

elements of negligence.  Accordingly, there is no triable issue of material fact and the court will grant summary judgment to the City on the Suhs' negligence claim.

### C. Nuisance

The Suhs allege a nuisance cross-claim against the city. (Cross-Cl. ¶¶ 19-23.) "A nuisance is: anything that is injurious to health, . . . or is indecent or offensive to the senses, or an obstruction to the free use of property, [that] interfere[s] with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner." In re Firearm Cases, 126 Cal. App. 4th 959, 987 (1st Dist. 2005) (citation omitted).

The Suhs are deemed to have admitted the City has not caused conditions at the real property that were, at any time, injurious to health. (King Decl., Exs. A, H Request No. 25)  In addition, the Suhs are deemed to have admitted that the City has not caused conditions at the real property that were, at any time, offensive to the senses, or interfered with the comfortable enjoyment of life or property. (Id. Request Nos. 27-29.)  Thus, the Suhs are deemed to have admitted the City has not caused a nuisance at the real property. (Id. Request Nos. 25, 27, 29, 31-32.)  Accordingly, there is no triable issue of material fact and the court must grant summary judgment to the City on the Suhs' nuisance claim.

### D. Indemnity

The Suhs also demand indemnification from the City should any other party in the litigation be entitled to recover any amount from the Suhs, claiming that any liability is the

7

direct result of acts and omissions of cross-defendants. (Cross-Cl. ¶¶ 24-26.) The Suhs have put forward no evidence in support of a claim for indemnity and admit that they are not entitled to indemnification from the City. (King Decl., Exs. A, H Request Nos. 36, 40) Thus, the Suhs request for indemnification must fail. Accordingly, the City is entitled to summary judgment on the Suhs' demand for indemnification.

### E. Attorneys' Fees

The Suhs demand attorneys' fees pursuant to California Code of Civil Procedure 1021.6. (Cross-Cl. ¶¶ 27-29.) The Suhs are deemed to have admitted that they are not entitled to an award of attorneys' fees from the City, and have put forward no evidence supporting this claim. (King Decl., Exs. A, H Request No. 41.) Therefore, the Suhs are not entitled to attorneys' fees and the court must grant summary judgment for the City as to this request.

### F. Declaratory Relief

The Suhs also request declaratory relief--in the form of a declaration that cross-defendants are obligated to indemnify, hold harmless, and release the Suhs from and against any and all claims arising out of or relating to the presence of the property of hazardous substances and other substances. (Cross-Cl. ¶¶ 30-31, Prayer for Relief). Because the Suhs have presented no evidence in support of their claims and are deemed to have admitted that the City is not liable to the Suhs on any of their claims, the Suhs are not entitled to declaratory relief and the court must grant summary judgment to the City as to this request.

1 | Based on the Suhs' deemed admissions and the failure to present any evidence in support of their cross-claims, there are no triable issues of fact as to any of the Suhs' cross-claims. Therefore, the court grants summary judgment in favor of the City on all cross-claims asserted by the Suhs against the City.

IT IS THEREFORE ORDERED, that the motion of the City of Davis for summary judgment on all cross-claims asserted by the Suhs against the City (Docket No. 533) be, and hereby is, GRANTED. Nothing in this Order shall be deemed to constitute a finding with regard to the City's liability on any claim or cross-claim of any other party.

Dated: February 6, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE