JENNIFER HARTMAN KING (Bar No. 211313)
ALANNA LUNGREN (Bar No. 269668)
SARA CUTULI (Bar No. 320954)
HARTMAN KING PC
520 Capitol Mall, Suite 750
Sacramento, CA 95814
Telephone: (916) 379-7530
Facsimile: (916) 379-7535
JHartmanKing@HartmanKingLaw.com
ALungren@HartmanKingLaw.com
SCutuli@HartmanKingLaw.com

HARRIET A. STEINER (Bar No. 109436)
BEST, BEST & KRIEGER LLP
500 Capitol Mall, Suite 1700
Sacramento, CA 95814
Telephone: (916) 325-4000
Facsimile: (916) 325-4010
Harriet.Steiner@bbklaw.com

Attorneys for Defendant
CITY OF DAVIS

Exempt From Filing Fees Pursuant To
Government Code Section 6103

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES H. LEWIS AND JANE W. LEWIS,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT D. RUSSELL, ET AL.,<br><br>Defendants,<br><br>AND RELATED COUNTER, CROSS AND THIRD PARTY CLAIMS. | Case No.: CIV S-03-2646 WBS AC<br><br>**JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE AND RETENTION OF JURISDICTION BY THIS COURT FOR ENFORCEMENT; ORDER**<br><br>District Judge: Hon. William B. Shubb |

00037642.2
- 1 -
JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE AND RETENTION OF JURISDICTION BY THIS COURT FOR ENFORCEMENT; ORDER

## JOINT STIPULATION

Defendants City of Davis ("City"); The Davis Center, LLC, Emily A. Stover, individually and as Trustee of the Stover Family Trust and as Personal Representative for Melvin Stover (Deceased), and Richard Albert Stinchfield, individually and as Trustee of the Robert S. Stinchfield Separate Real Property Trust and as Trustee of the Barbara Ellen Stinchfield Testamentary Trust (collectively, "Landowners"); Potter Taylor & Co., Potter, Long, Adams & Taylor Ltd., Davis Center, Potter-Taylor, Inc., Potter Taylor & Scurfield, Inc. (collectively, "Potter-Taylor"); and Charles H. Lewis (Deceased) and Jane W. Lewis (Deceased), Estate of Charles H. Lewis (Deceased) and Robert Zehnder as Personal Representative of Charles H. Lewis (Deceased) (collectively, "Lewises"), referred to collectively as the "Settling Parties", by and through their respective counsel, hereby stipulate as follows:

WHEREAS, on March 15, 2019, the Settling Parties executed the Settlement Agreement and Mutual Release ("Settlement Agreement") that provided for, among other terms, dismissal of all claims and counterclaims asserted by and between the Settling Parties;

WHEREAS, the Settlement Agreement also provided, among other terms, that the Settling Parties intended for this Court to retain jurisdiction over this Action for purposes of enforcing the Settlement Agreement;

WHEREAS, on August 26, 2019, the Settling Parties filed a Joint Motion for Good Faith Settlement Determination and Order Dismissing and Barring Claims ("Motion") that included among its exhibits the Settling Parties' executed Settlement Agreement (ECF 551);

WHEREAS, on October 17, 2019, this Court granted the Settling Parties' Motion (the "Order") (ECF 554) and thereby, among other things, dismissed with prejudice all pending claims and cross-claims against the Settling Parties in the above-entitled Action and barred all claims and future claims for contribution or indemnity arising out of the facts alleged in the Plaintiffs' Second Amended Complaint;

WHEREAS, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and consistent with the Settlement Agreement and the Order, the Settling Parties seek dismissal with prejudice of this Action in its entirety;

WHEREAS, there are required payments and other obligations yet to be satisfied under the Settlement Agreement;

WHEREAS, the Settling Parties request that this Court retain jurisdiction to enforce the Settlement Agreement, notwithstanding dismissal with prejudice of the Action;

IT IS HEREBY STIPULATED AND AGREED, by and between the Settling Parties in this Action, through their respective undersigned legal counsel, and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) that all of the claims and counterclaims that were asserted or that could have been asserted in this Action be dismissed with prejudice, with each party to bear its own attorneys' fees and costs, provided that this Court retains exclusive jurisdiction to enforce the terms and conditions of the Settlement Agreement, notwithstanding this dismissal herein.

Dated: December 3, 2019      HARTMAN KING PC

By:/s/ Jennifer Hartman King___
Jennifer Hartman King

Attorneys for City of Davis

Dated: December 3, 2019      LAW OFFICES OF FRANCIS M. GOLDSBERRY

By:/s/ Francis M. Goldsberry (as authorized on Dec. 3, 2019)
Francis M. Goldsberry

Attorneys for Potter-Taylor & Co.; Potter, Long, Adams & Taylor, Ltd.; Davis Center; Potter-Taylor, Inc. and Potter Taylor & Scurfield, Inc.

Dated: December 3, 2019      KOELLER, NEBEKER, CARLSON & HALUCK, LLP

By:/s/ Peter Dye (as authorized on Dec. 3, 2019)
Peter Dye

Attorneys for The Davis Center, LLC; Emily A. Stover, individually and as Trustee of the Stover Family Trust and as Personal Representative for Melvin Stover (Deceased); and Richard Albert Stinchfield, individually and as Trustee of the Robert S. Stinchfield Separate Real Property Trust and as Trustee of the Barbara Ellen Stinchfield Testamentary Trust

| | | |
|---|---|---|
| 1 | Dated: December 3, 2019 | SCHUERING ZIMMERMAN & DOYLE LLP |
| 2 | | By:/s/ Keith D. Chidlaw (as authorized on Dec. 3, 2019)<br>Keith D. Chidlaw |
| 3 | | |
| 4 | | Attorneys for Charles H. Lewis (Deceased) and Jane W. Lewis (Deceased), Robert Zehnder, as Personal Representative of Charles H. Lewis, and Estate of Charles H. Lewis (Deceased) |

**ORDER**

The Stipulation and Order for Dismissal with Prejudice with Retention of Jurisdiction by this Court for Enforcement is approved. It is hereby ordered that this Action be dismissed with prejudice, with each party to bear its own attorneys' fees and costs. This Court shall retain jurisdiction to enforce the terms and conditions of the Settlement Agreement, notwithstanding this dismissal herein. The clerk is directed to close this Action, subject to any reopening as necessary.

IT IS SO ORDERED.

Dated: December 4, 2019

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE